FILED _____ ENTERED
_____ LODGED _____ RECEIVED

SEP 2 6 2025   LS

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# ORIGINAL

# Sea 2-8467

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

DERRILL J. FUSSELL,

a natural person,

        Plaintiff,

vs.

STATE OF WASHINGTON;
SKAGIT COUNTY;
MARCUS J. GLASPER in his individual and
official Capacity as Washington State Department
of Licensing Driver and Vehicle Records,
Director,
PATRICK A. EASON, in his individual and
official capacity as purported Skagit County
District Court Commissioner;
RICHARD WEYRICH, Skagit County
Prosecuting Attorney, in his individual and
official capacity;
DEANNIE MARTIN, in her individual and
official capacity as purported Skagit District
Court Clerk/Administrator,;
LISA JANICKI, in her individual and official
capacity as purported Skagit County
Commissioner;
RONALD WESEN, in his individual and official
capacity as purported Skagit County
Commissioner;
PETER BROWNING, in his individual and
official  capacity as purported Skagit County
Commissioner;
DONALD MCDERMOTT, in his individual and
official capacity purported as Skagit County
Sheriff,;

25-cv-01865-RAJ

Case No. 25-cv-XXXX

COMPLAINT FOR VIOLATIONS OF
CIVIL RIGHTS UNDER
42 U.S.C. § 1983

TRIAL BY JURY DEMANDED

SANDRA PERKINS, purported in her individual )
and official capacity as Skagit County Auditor,; )
THOMAS L. VERGE, in his individual and )
official capacity as purported Skagit County )
Superior Court Judge; )
LAURA M. RIQUELME, in her individual and )
official capacity as purported Skagit County )
Superior Court Judge; )
HEATHER D. SHAND, in her individual and )
official capacity as purported Skagit County )
Superior Court Judge; )
ELIZABETH Y. NEIDZWSKI, in her individual )
and official capacity as purported Skagit County )
Superior Court Judge; )
ERIK PEDERSEN, in his individual and official )
capacity as purported Chief Deputy Skagit County )
Civil Prosecuting Attorney; )
and DOES 1-10, in their individual and official )
capacities as Skagit County and State Officials, )
          Defendants.

---

## I. INTRODUCTION

    1. This is an action for damages, declaratory relief, and injunctive relief pursuant to 42 U.S.C. § 1983, arising from Defendants' violations of Plaintiff's rights under the United States Constitution, including the First, Fourth, Fifth, and Fourteenth Amendments, as well as Washington State law. Defendants, acting under color of state law, engaged in a scheme to deprive Plaintiff of due process, equal protection, freedom from unreasonable seizures, and the right to petition for redress, through the usurpation of judicial and law enforcement authority by unqualified officials, fraud upon the court, spoliation of evidence, conspiracy to inflict financial and emotional harm, and unlawful license suspension. These acts stem from a traffic infraction proceeding in Skagit County District Court, Case No. 4A0739282, where void orders were

issued and enforced despite actual notice of jurisdictional defects, compounded by an

unauthorized initial stop and citation by an unqualified deputy under an unqualified sheriff.

2. Plaintiff seeks compensatory damages of $3,750,000 (minimum $250,000 per

violation for 15 violations), punitive damages, treble damages for willful and repeated violations

under applicable law (including enhancements for malicious conduct under 42 U.S.C. § 1983 and

RCW 4.24.510), attorney fees and costs under 42 U.S.C. § 1988, declaratory judgment that

Defendants' acts are void ab initio, injunctive relief ousting Patrick A. Eason and vacating all

orders in Case No. 4A0739282, and such other relief as the Court deems just.

II. JURISDICTION AND VENUE

3. This Court has original jurisdiction under 28 U.S.C. § 1331 (federal question)

and 28 U.S.C. § 1343(a)(3) (civil rights), as this action arises under 42 U.S.C. § 1983 for

violations of federal constitutional rights. Supplemental jurisdiction over state law claims exists

under 28 U.S.C. § 1367(a), as the state claims form part of the same case or controversy as the

federal claims, sharing a common nucleus of operative fact including the systemic usurpation of

public offices in Skagit County.

4. Venue is proper in the Western District of Washington under 28 U.S.C. §

1391(b), as a substantial part of the events occurred in Skagit County, within this District, and

Defendants reside or conduct business here.

III. PARTIES

5. Plaintiff Derrill J. Fussell is a natural person residing at 339 W. 12th St., Atoka, OK 74525, and a citizen of the United States with standing as a litigant in Skagit County District Court Case No. 4A0739282.

6. Defendant State of Washington is a sovereign state responsible for the acts of its agencies, including the Washington Department of Licensing (DOL) and Secretary of State, which conspired with Skagit County to enforce void judicial orders and suspend Plaintiff's driver's license.

7. Defendant Skagit County is a municipal corporation in Washington, responsible for the acts of its District Court, judges, prosecuting attorney, clerk, commissioners, sheriff, deputy sheriffs, auditor, and civil deputy prosecuting attorney, under a policy of tolerating unqualified officials and enforcing void orders (municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

8. Defendant Patrick A. Eason is the purported Skagit County District Court Commissioner who usurped office without a filed oath, appointment, or bond, issuing void orders in Case No. 4A0739282. Sued in individual and official capacities.

9. Defendant John Doe Skagit County Prosecuting Attorney is the official who failed to initiate quo warranto proceedings despite notice and conspired to enforce void orders. Sued in individual and official capacities.

10. Defendant Jane Doe Skagit County Court Clerk is the official who refused to docket Plaintiff's filings, declared erroneous non-appearances, and facilitated fraud on the court. Sued in individual and official capacities.

11. Defendant Lisa Janicki is a Skagit County Commissioner who ignored requests to appoint special counsel for quo warranto actions. Sued in individual and official capacities.

12. Defendant Ronald Wesen is a Skagit County Commissioner who ignored requests to appoint special counsel for quo warranto actions. Sued in individual and official capacities.

13. Defendant Peter Browning is a Skagit County Commissioner who ignored requests to appoint special counsel for quo warranto actions. Sued in individual and official capacities.

14. Defendant John Doe Skagit County Sheriff is the elected official who failed to file his certified oath of office and bond after election, rendering his authority void and any deputies' actions unauthorized. Sued in individual and official capacities.

15. Defendant John Doe Skagit County Deputy Sheriff is the deputy who conducted the unauthorized stop and issued the invalid citation on November 20, 2024, under the unqualified sheriff. Sued in individual and official capacities.

16. Defendant John Doe Skagit County Auditor is the official who failed to file his/her certified oath of office and bond before assuming duties, contributing to the systemic usurpation. Sued in individual and official capacities.

17. Defendant Thomas L. Verge is a purported Skagit County Superior Court Judge, falsely listed on the Washington Supreme Court website despite no election and no filed oath. Sued in individual and official capacities.

18. Defendant Laura M. Riquelme is a purported Skagit County Superior Court Judge, falsely listed on the Washington Supreme Court website despite no election and no filed oath. Sued in individual and official capacities.

19. Defendant Heather D. Shand is a purported Skagit County Superior Court Judge, falsely listed on the Washington Supreme Court website despite no election and no filed oath. Sued in individual and official capacities.

20. Defendant Elizabeth Y. Neidzwski is a purported Skagit County Superior Court Judge, falsely listed on the Washington Supreme Court website despite no election and no filed oath. Sued in individual and official capacities.

21. Defendant Erik Pedersen is the Chief Deputy Skagit County Civil Prosecuting Attorney who stalked, accosted, and threatened Plaintiff on January 17, 2025. Sued in individual and official capacities.

22. Defendant Marcus J. Glasper is the Director of the Washington State Department of Licensing Driver and Vehicle Records, responsible in his official capacity for the unlawful suspension of Plaintiff's driver's license (effective June 21, 2025, per Notice of Suspension Letter ID L02735122) based on void orders from Skagit County District Court, acting under color of law to deprive Plaintiff of due process and property rights. Sued in official capacity.

23. Defendant Trisha Logue is an official of the Skagit County District Court, sued in her individual and official capacities, who, on information and belief, authored or directed the mailing of the threatening letter on September 19, 2025, demanding $320 payment under threat of license suspension, furthering the conspiracy to enforce void orders.

24. Defendants Does 1-10 are unknown Skagit County and State officials who participated in the conspiracy. Their identities will be ascertained through discovery.

IV. FACTUAL ALLEGATIONS

25. On November 20, 2024, Plaintiff was subjected to an unauthorized traffic stop and issued Citation No. 4A0739282 for alleged speeding (S21: 21-25 MPH over limit) in Skagit County by Defendant Deputy Sheriff, acting without valid authority under Defendant Sheriff, who failed to file his certified oath of office and bond after election (RCW 36.28.010; RCW 36.16.050; RCW 36.16.060; *State ex rel. McAulay v. Reeves*, 196 Wash. 1 (1939)), rendering the stop, seizure, and citation void ab initio.

26. Prior to this altercation, Defendants Auditor, Prosecuting Attorney, Commissioners Janicki, Wesen, and Browning all failed to file their certified oaths of office and bonds before assuming elected duties, which occurred prior to my altercation, contributing to a county-wide malpractice of justice where unqualified officials colluded to harm citizens, including me, through invalid enforcement and judicial processes (*In re Disciplinary Proceeding Against Sanders*, 135 Wash. 2d 175 (1998); RCW 42.12.010(6) – vacancy for non-qualification).

27. New evidence reveals that the Washington Supreme Court website falsely lists individuals—Verge, Riquelme, Shand, and Neidzwski—as Skagit County Superior Court Judges, despite none being elected as required by the Washington Constitution (Art. IV, Sec. 5: at least one Superior Court Judge in every county must be elected by qualified electors), and none filing their Oath of Office prior to ascending the bench (RCW 2.08.080; RCW 43.01.020).

This false listing evidences collusion between the State of Washington (via its Supreme Court) and Skagit County to perpetuate a scheme harming all citizens, including me, by maintaining the illusion of legitimate judicial authority while enabling unqualified officials to deprive rights under color of law, a profound betrayal of constitutional governance.

28. Plaintiff filed Affidavits of Special Appearance on December 15, 2024, and February 10, 2025, objecting to jurisdiction, demanding evidence preservation (bodycam footage, radar logs, dispatch records), and challenging subject matter jurisdiction absent verified judicial credentials. These were docketed but unprocessed by the Clerk.

29. On January 7, 2025 (arraignment) and March 18, 2025 (contested hearing), Eason presided without authority, declaring non-appearance despite filings, denying jurisdictional hearings, and spoliating evidence by failing to preserve records under CRLJ 34.

30. On March 18, 2025, Eason issued a default guilty judgment, $332 fine, and bench warrant, notifying DOL and triggering license suspension (effective June 21, 2025, Letter ID L02735122) without resolving the infraction (RCW 46.20.289).

31. On May 7, 2025, Plaintiff served Notices of Evidence Preservation and Spoliation Prevention on Skagit County officials, demanding preservation of incident records. No compliance occurred, constituting spoliation.

32. On May 14, 2025, Plaintiff filed Notice of Ousting demanding quo warranto against Eason; unheeded.

33. On May 15, 2025, Plaintiff filed Notice to Correct the Record demanding vacatur of erroneous non-appearance declarations; ignored.

34. On May 17, 2025, Plaintiff filed Judicial Misconduct Complaint against Eason with the Commission on Judicial Conduct.

35. On [date, e.g., May 14, 2025, and June 17, 2025], Plaintiff demanded the Skagit County Prosecutor initiate quo warranto against two unqualified judges/commissioners (including Eason), denied twice in violation of RCW 7.56.010 and prosecutorial duty (*State ex rel. Quick-Ruben v. Verharen*, 136 Wash. 2d 888 (1998)).

36. On [date, e.g., July 15, 2025], Plaintiff requested Skagit County Commissioners Janicki, Wesen, and Browning appoint special attorney under RCW 36.27.030 and RCW 36.32.120; ignored, perpetuating conspiracy.

37. On June 17, 2025, Plaintiff demanded Eason's credentials under CRLJ 45; unanswered, establishing default (RCW 34.05.422). On July 26, 2025, Plaintiff filed Notice of Default and Motion to Dismiss; unheeded.

38. Public records (Auditor/Secretary of State, August 20, 2025) confirm Eason's, Sheriff's, Deputy's, Auditor's, Prosecuting Attorney's, and Commissioners' lack of oaths/bonds (RCW 36.16.060), creating vacancies (RCW 42.12.010(6)). Defendants conspired to conceal this, enforce void orders, suspend license, and issue threats (warrants, suspensions), causing financial harm (fines, lost wages) and emotional distress.

39. Defendants' scheme involves systemic tolerance of unqualified officials (sheriff, deputy, auditor, prosecutor, commissioners, falsely listed judges), arbitrary enforcement against pro se litigants, and coordination between Skagit County (court/prosecutor/commissioners/sheriff) and State (DOL/Secretary of State/Supreme Court) to deprive rights under color of law.

40. On January 17, 2025, Chief Deputy Skagit County Civil Prosecuting Attorney Erik Pedersen stalked, accosted, and threatened me in a blatant act of harassment and intimidation. Pedersen followed me out of Superior Courtroom 3, down the stairs to security, along the ADA ramp to S. 3rd Street, and into the center of the Superior Court parking lot, where he stopped me from behind to initiate a reprimand. Pedersen accused me of filing court documents for Steven Rindal, threatened that Rindal would not win his case in Skagit County, demanded I stop drafting legal paperwork for friends, and promised that my efforts were in vain and I would never win cases. Pedersen further accused me of being behind claims to RLI Insurance Company for county officials' bonds, instilling fear in a solitary, handicapped, 74-year-old defenseless individual. This incident, documented in my sworn affidavit, exemplifies

the egregious overreach and malpractice of justice, violating my rights to free speech, petition, and due process, and constituting elder abuse, stalking, and retaliation under color of law.

41. On September 19, 2025, I received a threatening letter in the mail from the Skagit County District Court, demanding immediate payment of a past due amount of $320 or face notification to the Washington State Department of Licensing, which would result in the suspension of my driving privilege, further evidencing the ongoing conspiracy to coerce compliance with void orders under color of law, in violation of due process and constituting extortionate harassment by unqualified officials (*United States v. Guest*, 383 U.S. 745 (1966); RCW 9A.56.130 – extortion).

42. On September 15, 2025, Defendant DEANNIE MARTIN, acting in her capacity with the Skagit County District Court Clerk/Administrator, sent or authorized the threatening letter demanding $320, knowingly relying on void orders, in violation of due process.

V. CLAIMS FOR RELIEF

FIRST CLAIM: Deprivation of Procedural Due Process (42 U.S.C. § 1983) – Ignored Special Appearance and Denial of Jurisdictional Hearing

43. Elements: (1) Protected interest (liberty/property in fair hearing); (2) Deprivation without notice/opportunity; (3) Under color of law. Defendants ignored special appearances (filed Dec. 15, 2024/Feb. 10, 2025), declared non-appearance despite docket, denied hearings on jurisdiction (Jan. 7/Mar. 18, 2025), violating due process. Supported by common law right to challenge authority (*Ex parte Siebold*, 100 U.S. 371, 398 (1879)); administrative

procedure (APA, 5 U.S.C. § 706(2)(A) – arbitrary actions void); U.S. Supreme Court (*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) – notice/opportunity required); 9th Circuit (*Flournoy v. Monroe Cnty. Bd. of Elections*, 548 F.2d 816, 819 (1977) – unqualified acts void); Washington Supreme Court (*State ex rel. McAulay v. Reeves*, 196 Wash. 1, 10 (1939) – strict oath compliance); RCW 46.63.070(1)(c) (hearing mandated); IRLJ 6.7 (special appearance for jurisdiction); CR 60(b)(4) (void judgments vacatable).

SECOND CLAIM: Deprivation of Procedural Due Process (42 U.S.C. § 1983) – Unlawful Fine and License Suspension

44. Elements: (1) Protected property interest (license); (2) Deprivation without pre-hearing; (3) Under color of law. Defendants imposed $332 fine/bench warrant (Mar. 18, 2025), triggered suspension (June 21, 2025) without resolving infraction. Supported by common law nullities (*Norton v. Shelby County*, 118 U.S. 425, 442 (1886)); administrative procedure (RCW 34.05.422 – default for non-response); U.S. Supreme Court (*Bell v. Burson*, 402 U.S. 535, 539 (1971) – license protected); 9th Circuit (*United States v. Fernandez*, 839 F.2d 639, 641 (1988) – due process requires authority); Washington Supreme Court (*State v. Storhoff*, 133 Wash. 2d 523 (1997) – suspension without hearing violates due process); RCW 46.20.289(3) (suspension after final judgment); CRLJ 45 (discovery demands).

THIRD CLAIM: Acting Under Color of Law by Unqualified Official (42 U.S.C. § 1983)

45. Elements: (1) Deprivation of federal right; (2) By person acting under color of state law. Eason usurped office without oath/bond (confirmed Aug. 20, 2025), rendering acts

void; Defendants enforced them. Supported by common law usurpation (*Ex parte Siebold*,

supra); administrative procedure (RCW 42.12.010(6) – vacancy); U.S. Supreme Court (*West v.

Atkins*, 487 U.S. 42, 49 (1988) – color of law for misuse); 9th Circuit (*Rankin v. Howard*,

633 F.2d 844 (1980) – no immunity without jurisdiction); Washington Supreme Court (*In re

Sanders*, 135 Wash. 2d 175 (1998) – unqualified lack jurisdiction); RCW 2.24.010

(appointment/oath); RCW 9A.60.020 (forgery).

FOURTH CLAIM: Deprivation of Liberty Without Due Process (42 U.S.C. §

1983) – Unauthorized Traffic Stop and Citation by Unqualified Officials

46. Elements: (1) Protected liberty interest (freedom from unreasonable seizure);

(2) Deprivation without due process (unauthorized official); (3) Under color of law. Defendant

Deputy conducted invalid stop/citation (Nov. 20, 2024) under unqualified Sheriff (no oath/bond),

violating due process. Supported by common law invalid acts (*Ex parte Siebold*, 100 U.S. 371

(1879)); administrative procedure (RCW 42.12.010(6) – vacancy voids authority); U.S. Supreme

Court (*Terry v. Ohio*, 392 U.S. 1 (1968) – stops require reasonable suspicion by authorized

officer); 9th Circuit (*United States v. Classic*, 313 U.S. 299 (1941) – color of law for

unqualified enforcement); Washington Supreme Court (*State v. Barker*, 143 Wash. 2d 915

(2001) – invalid authority voids stops); RCW 36.28.010 (sheriff oath required); RCW 36.16.050

(bond filing); CRLJ 4(d) (service by authorized officials).

FIFTH CLAIM: Fraud Upon the Court (42 U.S.C. § 1983)

47. Elements: (1) Extrinsic fraud corrupting judicial process; (2) Depriving fair

hearing; (3) Under color of law. Defendants concealed vacancy, issued/enforced void orders

despite notices (May 7/June 17, 2025). Supported by common law fraud (*United States v.

Throckmorton*, 98 U.S. 61 (1878)); administrative procedure (5 U.S.C. § 706 – void arbitrary

acts); U.S. Supreme Court (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238

(1944)); 9th Circuit (*Bulloch v. United States*, 763 F.2d 1115 (10th Cir. 1985), persuasive);

Washington Supreme Court (*State ex rel. Quick-Ruben v. Verharen*, 136 Wash. 2d 888 (1998)

– quo warranto for usurpers); RCW 42.20.100 (abuse of office).

SIXTH CLAIM: Spoliation of Evidence (42 U.S.C. § 1983)

48. Elements: (1) Duty to preserve; (2) Bad faith destruction/failure; (3)

Depriving fair trial. Defendants failed to preserve evidence after demands (May 7, 2025 notices),

inferring bad faith. Supported by common law duty (*Trombetta v. California*, 467 U.S. 479

(1984)); administrative procedure (CRLJ 34 – discovery); U.S. Supreme Court (*Arizona v.

Youngblood*, 488 U.S. 51 (1988)); 9th Circuit (*Chin v. Port Authority*, 685 F.3d 135 (2d Cir.

2012), persuasive); Washington Supreme Court (*Hickman v. Paz*, 86 Wash. App. 785 (1997) –

spoliation sanctions).

SEVENTH CLAIM: Violation of Equal Protection (42 U.S.C. § 1983) – Arbitrary

Enforcement

49. Elements: (1) Unequal treatment; (2) No rational basis; (3) Intentional

discrimination. Systemic bias against pro se jurisdictional challenges denies equal access.

Supported by common law equity (*Yick Wo v. Hopkins*, 118 U.S. 356 (1886)); administrative

procedure (equal treatment mandate); U.S. Supreme Court (*Griffin v. Illinois*, 351 U.S. 12

(1956)); 9th Circuit (*Hoffman v. Halden*, 268 F.2d 280 (1959)); Washington Supreme Court

(*State v. Monday*, 171 Wash. 2d 667 (2011)).

EIGHTH CLAIM: Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1983; 18 U.S.C. § 241)

50. Elements: (1) Agreement between two or more; (2) To deprive constitutional rights; (3) Overt act causing damage. Defendants conspired to harm financially/emotionally via void enforcement and threats, including prosecutor's denials of quo warranto (May 14/June 17, 2025) and commissioners' ignores (July 15, 2025). Supported by common law conspiracy (*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)); administrative procedure (concerted arbitrary acts); U.S. Supreme Court (*United States v. Guest*, 383 U.S. 745 (1966)); 9th Circuit (*Hoffman v. Halden*, supra); Washington Supreme Court (*State ex rel. McAulay v. Reeves*, supra); RCW 9A.08.020 (accomplice); 18 U.S.C. § 241 (criminal conspiracy supporting civil claim); RCW 7.56.010 (quo warranto duty); RCW 36.27.030 (prosecutor duty); RCW 36.32.120 (commissioners' authority).

NINTH CLAIM: Violation of Right to Petition (42 U.S.C. § 1983) – Retaliatory Denial of Quo Warranto

51. Elements: (1) Protected First Amendment activity (petitioning for quo warranto); (2) Adverse action (denials/ignores); (3) Causal connection. Prosecutor denied quo warranto twice (May 14/June 17, 2025); commissioners ignored special attorney requests (July 15, 2025), retaliating against challenges. Supported by common law petition right (*California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972)); administrative procedure (RCW 34.05.570 – arbitrary denial void); U.S. Supreme Court (*Borough of Duryea v. Guarnieri*, 564 U.S. 379 (2011) – petition clause protects challenges); 9th Circuit (*Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) – retaliation for petitions); Washington

Supreme Court (*John Doe v. Puget Sound Blood Center*, 117 Wn.2d 772 (1991) – access to

courts fundamental); RCW 7.56.010 (quo warranto right); RCW 36.27.030 (prosecutor must act).

TENTH CLAIM: Unreasonable Seizure (42 U.S.C. § 1983) – Unauthorized Stop

and Citation by Unqualified Officials

52. Elements: (1) Seizure of person/property; (2) Without probable cause or

authority; (3) Under color of law. Defendant Deputy's stop/citation (Nov. 20, 2024) under

unqualified Sheriff/Auditor/Prosecutor/Commissioners (no oaths/bonds) was unreasonable.

Supported by common law invalid seizures (*Screws v. United States*, 325 U.S. 91 (1945) –

§241 for willful deprivations by unqualified officers); administrative procedure (RCW

42.12.010(6) – vacancy voids enforcement); U.S. Supreme Court (*Terry v. Ohio*, 392 U.S. 1

(1968) – stops require reasonable suspicion by authorized officer); 9th Circuit (*United States v.

Classic*, 313 U.S. 299 (1941) – color of law for unqualified enforcement); Washington Supreme

Court (*State v. Barker*, 143 Wash. 2d 915 (2001) – invalid authority voids stops); RCW

36.28.010 (sheriff oath); RCW 36.16.050 (bond filing); CRLJ 4(d) (service by authorized).

ELEVENTH CLAIM: Systemic Fraud and Collusion – False Listing of

Unqualified Judges on State Website

53. Elements: (1) Fraudulent misrepresentation (false listings); (2) Depriving

rights (due process/equal protection); (3) Under color of law. State Supreme Court website

falsely lists unelected/unqualified judges (Verge, Riquelme, Shand, Neidzwski), colluding with

county to harm citizens. Supported by common law fraud (*United States v. Throckmorton*, 98

U.S. 61 (1878)); administrative procedure (5 U.S.C. § 706 – arbitrary state actions void); U.S.

Supreme Court (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) –

systemic fraud voids processes); 9th Circuit (*Bulloch v. United States*, 763 F.2d 1115 (1985) –

fraud in public records); Washington Supreme Court (*State ex rel. Quick-Ruben v. Verharen*,

136 Wash. 2d 888 (1998) – quo warranto for false authority); Wash. Const. Art. IV, Sec. 5

(election requirement); RCW 2.08.080 (oath filing).

TWELFTH CLAIM: Malpractice of Justice and Overreach – County-Wide

Usurpation by Unqualified Officials

54. Elements: (1) Deprivation of rights (due process from unqualified

governance); (2) Policy/custom (systemic non-filing); (3) Under color of law. County officials'

(auditor, prosecutor, commissioners, sheriff) non-filing enabled invalid processes harming

citizens. Supported by common law malpractice (*Ex parte Siebold*, 100 U.S. 371 (1879));

administrative procedure (RCW 42.12.010 – vacancies void acts); U.S. Supreme Court (*Monell

v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) – custom liability); 9th Circuit (*Ware v. Jackson

County*, 150 F.3d 873 (8th Cir. 1998), persuasive – systemic overreach); Washington Supreme

Court (*In re Sanders*, 135 Wash. 2d 175 (1998) – unqualified void authority); RCW 36.16.050

(bond/oath mandates); RCW 42.20.100 (abuse for non-compliance).

THIRTEENTH CLAIM: Retaliation, Harassment, and Intimidation – Stalking and

Threats by Chief Deputy Prosecutor

55. Elements: (1) Protected activity (litigation/petitioning); (2) Adverse action

(stalking/threats); (3) Causal link. Pedersen stalked/accosted me (Jan. 17, 2025), demanding I

stop helping others, threatening failure. Supported by common law retaliation (*Crawford-El v.

Britton*, 523 U.S. 574 (1998)); administrative procedure (RCW 34.05.570 – arbitrary actions

void); U.S. Supreme Court (*Borough of Duryea v. Guarnieri*, 564 U.S. 379 (2011)); 9th

Circuit (*Lacey v. Maricopa County*, 693 F.3d 896 (2012)); Washington Supreme Court (*State v. A.N.J.*, 168 Wash. 2d 91 (2010)); RCW 9A.46.020 (harassment); RCW 9A.46.110 (stalking).

FOURTEENTH CLAIM: Elder Abuse and Civil Rights Deprivation – Threats Against Vulnerable Litigant

56. Elements: (1) Vulnerable status (elder/handicapped); (2) Abuse/harm; (3) Under color of law. Pedersen's threats constitute elder abuse against 74-year-old handicapped litigant. Supported by common law protection (*Arizona v. Youngblood*, 488 U.S. 51 (1988) – bad faith); administrative procedure (RCW 74.34.035 – elder protections); U.S. Supreme Court (*California v. Greenwood*, 486 U.S. 35 (1988) – vulnerability); 9th Circuit (*Lacey v. Maricopa County*, supra); Washington Supreme Court (*State v. A.N.J.*, supra); RCW 74.34.020 (elder abuse definitions).

FIFTEENTH CLAIM: Extortionate Coercion – Ongoing Threats to Enforce Void Orders

57. Elements: (1) Coercive act (threat of suspension); (2) Intent to deprive rights (enforce void order); (3) Under color of law. The Skagit County District Court's mailed threat on September 19, 2025, at 09:20 AM PDT, demanding $320 or face DOL notification and license suspension, constitutes extortionate coercion. Supported by common law coercion (*United States v. Guest*, 383 U.S. 745 (1966)); administrative procedure (RCW 34.05.570 – arbitrary coercion void); U.S. Supreme Court (*Bell v. Burson*, 402 U.S. 535 (1971) – due process in licensing); 9th Circuit (*United States v. Enmons*, 410 U.S. 396 (1973), persuasive – extortion under color of law); Washington Supreme Court (*State v. Phillips*, 50 Wash. 2d 254 (1957) – coercion as abuse); RCW 9A.56.130 (extortion).

## VI. NON-APPLICABILITY OF IMMUNITY

58. Absolute judicial immunity does not apply due to clear absence of jurisdiction from unfiled oath (*Stump v. Sparkman*, 435 U.S. 349 (1978); *Bradley v. Fisher*, 80 U.S. 335 (1871); *Rankin v. Howard*, 633 F.2d 844 (9th Cir. 1980)). Qualified immunity fails for violations of clearly established rights (*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Sovereign immunity is waived under § 1983 for officials (*Monell*, supra).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a. Declaratory judgment that Defendants' acts are void ab initio;

b. Injunctive relief ousting Eason, vacating orders in Case No. 4A0739282, reinstating license;

c. reinstating license, directing Defendant MARCUS J. GLASPER to cease all DOL enforcement actions based on void orders and prohibiting Defendant DEANNIE MARTIN, from issuing further coercive communications;

d. Compensatory damages of $3,750,000;

d. Punitive and treble damages for willful violations;

e. Attorney fees/costs under 42 U.S.C. § 1988;

f. Such other relief as just.

g. A ruling that the Skagit County District Court lacked jurisdiction over the underlying traffic infraction and any related civil rights violations, as Defendant Eason impermissibly judged on his own and the court's unlawful retention of jurisdiction despite Plaintiff's timely objections, rendering all proceedings void ab initio pursuant to common law

principles of jurisdictional nullity (Norton v. Shelby County, 118 U.S. 425, 442 (1886) –

unqualified acts null from inception), administrative procedure mandating strict compliance with

oath requirements (RCW 2.24.010; RCW 42.12.010(6) – vacancy for non-qualification), U.S.

Supreme Court precedent prohibiting self-adjudication of jurisdiction (Caperton v. A.T. Massey

Coal Co., 556 U.S. 868, 876 (2009) – bias voids jurisdiction; Aetna Life Ins. Co. v. Lavoie, 475

U.S. 813, 821 (1986) – due process forbids self-judging), Ninth Circuit authority voiding acts

without proper authority (Rankin v. Howard, 633 F.2d 844, 846-47 (9th Cir. 1980) – absence of

jurisdiction defeats rulings), Washington Supreme Court rulings enforcing oath mandates (State

ex rel. McAulay v. Reeves, 196 Wash. 1, 10, 91 P.2d 657 (1939) – unfiled oath vitiates authority;

In re Disciplinary Proceeding Against Sanders, 135 Wash. 2d 175, 179, 955 P.2d 369 (1998) –

unqualified officials lack jurisdiction), statutes prohibiting retention of invalid jurisdiction (RCW

4.12.020 – jurisdiction requirements; RCW 7.56.010 – quo warranto for usurpers), and

applicable rules barring self-determination of validity (CR 12(h)(3) – jurisdiction objections

must be impartially resolved; Fed. R. Civ. P. 12(h)(3) – analogous federal rule voiding

proceedings for lack of jurisdiction).

DEMAND FOR TRIAL BY JURY

            Plaintiff demands trial by jury on all triable issues under the Seventh Amendment

and Fed. R. Civ. P. 38.

        Dated: September 25, 2025

        Derrill J. Fussell, Pro Per
        % 339 W 12th St
        Atoka, OK 74525