HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DERRILL J. FUSSELL, a natural person,<br><br>            Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON et al.,<br><br>            Defendants. | CASE NO. 2:25-cv-01865-RAJ<br><br>ORDER |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Defendants' Joint Motion to Extend the Deadline for Joint Status Report and Discovery Plan in Accordance with FRCP 26(f) and LR 16, Dkt. # 28 (the "Motion"). The Court has reviewed the Motion and the balance of the record. For the reasons stated below, the Court **GRANTS** Defendants' Motion and, *sua sponte*, **STAYS** this case until resolution of the appeal and petition for writ of mandamus filed in the Ninth Circuit.

## II. DISCUSSION

On September 26, 2025, Plaintiff Derrill Fussell, proceeding *pro se*, initiated this action based on alleged civil rights violations stemming from a state traffic infraction proceeding. Dkt. # 1. On October 16, 2025, the Court issued its Order Regarding FRCP 26(f) Conference, Initial Disclosures, and Joint Status Report (the "Initial Scheduling Order"). Dkt. # 7. On November 3, 2025, Mr. Fussell filed a Notice of Appeal based on the Initial Scheduling Order. Dkt. # 20; Case No. 25-7007. On the same day, he also filed a Petition for Writ of Mandamus in the Ninth Circuit to "compel disqualification of unauthorized counsel, vacate void orders, and enjoin pretrial proceedings pending verification of credentials of authority." Case No. 25-6955, Dkt. # 1. Mr. Fussell filed multiple motions and objections in this Court both before and after his filings in the Ninth Circuit. *See* Dkt. # 10 (objection to premature appearance); Dkt. # 13 (objection to initial scheduling order); Dkt. # 14 (motion for reconsideration regarding initial scheduling order); Dkt. # 15 (motion to compel production of credentials); Dkt. # 24 (objection to premature appearance); Dkt. # 26 (motion to strike); Dkt. # 29 (objection to unauthorized intrusion).

On November 13, 2025, Defendants filed a joint motion asking the Court to extend or vacate the Initial Scheduling Order. Dkt. # 28. Defendants represent that they are unable to contact Mr. Fussell and are therefore unable to comply with the Initial Scheduling Order deadlines. *Id.* "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view towards the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Given Defendants' representation regarding the difficulty of contacting Mr. Fussell, and the current petition and appeal pending before the Ninth Circuit, the Court finds good cause to vacate the Initial Scheduling Order in this case.

In addition, district courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court, *sua sponte*, finds it appropriate to stay this case pending resolution of the Ninth Circuit appeal and petition to facilitate the efficient and orderly resolution of the case. While the case is stayed, the parties are directed to not file any further motions. The stay shall automatically lift upon resolution of the appeal and petition. At that time, the parties may file any appropriate motions, including motions to dismiss under Rule 12. Unless requested by the Court, Defendants need not respond to any of Mr. Fussell's currently filed motions for which the response deadline has not passed (Dkts. # 24, 26, 29).

### III. CONCLUSION

For the forgoing reasons, the Court **GRANTS** Defendants' Motion, Dkt. # 28, and **VACATES** the Initial Scheduling Order, Dkt. # 7. The Court further **STAYS** this case pending resolution of the Ninth Circuit appeal and petition for writ of mandamus (Case Nos. 25-7007 and 25-6955).

The Clerk is directed to send a copy of this Order to Plaintiff.

Dated this 20th day of November, 2025.

The Honorable Richard A. Jones
United States District Judge