HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DERRILL FUSSELL,

          Plaintiff,

      v.

STATE OF WASHINGTON, *et al.*,

          Defendants.

CASE NO. 2:25-cv-01865-RAJ

ORDER

## I.    INTRODUCTION

THIS MATTER comes before the Court on the Skagit County Defendants' Motion to Dismiss, Dkt. # 39, Plaintiff Derrill Fussell's Objection to the Declaration of Frederick A. Haist, Dkt. # 42, and Mr. Fussell's Motion for Default, Dkt. # 49.  The Court has reviewed the motions and objection, the submissions in support and in opposition, and the balance of the record.  For the reasons set forth below, the Court **GRANTS** the Skagit County Defendants' motion to dismiss and **DENIES** Mr. Fussell's objection and motion for default.

ORDER – 1

## II.    BACKGROUND

This case arises out of a speeding ticket.  Mr. Fussell, proceeding *pro se*, alleges that over twenty Skagit County and Washington State officials committed various constitutional violations against him in the process of issuing a speeding ticket to him, adjudicating his traffic infraction case, and suspending his driver's license.

### A.    Skagit County District Court Case

In recounting the relevant facts to this case, the Court takes judicial notice of documents filed in Mr. Fussell's Skagit County District Court case.  *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts.").

On November 17, 2024, Mr. Fussell received a traffic citation for speeding.  Dkt. # 40 at 7.  He contested the citation by filing with the Skagit County District Court an "Affidavit of Special Appearance and Jurisdictional Challenge."  *Id.* at 11.  The district court then set a contested hearing in Mr. Fussell's case for February 7, 2025.  *Id.* at 34.  Mr. Fussell did not appear at the hearing, and as a result, the district court deemed the infraction committed.  *Id.* at 84 (time stamp 2:23:37).  After the hearing, Mr. Fussell filed a "Special Appearance for Motion for Reconsideration."  *Id.* at 36.  The district court denied the motion but set another contested hearing for May 9, 2025.  *Id.* at 46, 48.  Mr. Fussell then filed a series of documents purporting to challenge various aspects of the district court proceedings, including the court's jurisdiction and the authority of the commissioner who presided over the case.  *See id.* at 50–78.  He again failed to appear at the contested hearing and as a result, the district court affirmed the judgment against him.  *Id.* at 86 (time stamp 3:31, 1:07:10).  There is no indication in the record that he appealed the decision.

### B.    Allegations in the First Amended Complaint

As discussed in more detail below, the Court considers the First Amended Complaint ("FAC"), Dkt. # 21, as the operative complaint in this case.  At a high level, the

ORDER – 2

FAC alleges that over twenty Skagit County and Washington State officials, who are all named as defendants in this case, "engaged in a conspiracy" to deprive Mr. Fussell of his constitutional rights. *Id.* ¶ 2. A common theme in the FAC is that nearly every defendant involved with Mr. Fussell's traffic citation, traffic infraction proceedings, license suspension, and even this litigation was "unqualified" or otherwise lacked authority to carry out their official duties.

As to the initial traffic stop, the FAC alleges that an unnamed and "unqualified" Skagit County deputy sheriff stopped Mr. Fussell's vehicle without probable cause, and issued a "defective" and "void" citation. *Id.* ¶¶ 34–35. No further detail is provided regarding the assertion that the deputy sheriff lacked probable cause. *Id.* Judicially noticed documents in this case indicate the deputy sheriff observed Mr. Fussell "driving northbound on Best Rd. traveling at a speed of 58 mph in a 35 mph zone." Dkt. # 40 at 7.

As to the prosecution of the traffic citation, the FAC alleges that the "defective citation" was "prosecuted by unqualified deputy prosecutors." Dkt. # 21 ¶ 1. Specifically, the FAC names as defendants Skagit County Prosecuting Attorney Richard Weyrich, and Deputy Prosecuting Attorneys Erik Pedersen, Frederick Haist, Melinda Miller, William Honea, Stephen Fallquist, Jason D'Avignon, and Zheylan Spasov (the "Prosecutor Defendants"). The FAC alleges Mr. Weyrich "fail[ed] to file his oath within 10 days of assuming duties," thus "voiding all deputy appointments" as to the remaining Prosecutor Defendants. *Id.* ¶ 34.

As to the court proceedings, the FAC alleges that the case proceeded before "purported Commissioner Eason," who was likewise "unqualified." *Id.* ¶ 35. It alleges Commissioner Eason "issued void orders without hearing or notice, violating procedural due process." *Id.* ¶ 36. Moreover, it alleges the court clerk, Deanne Martin, "spoliated evidence by failing to record Plaintiff's contestation." *Id.* Finally, it alleges superior court judges Thomas Verge, Laura Riquelme, Heather Shand, and Elizabeth Neidzowski "failed

ORDER – 3

to vacate on appeal, ratifying the conspiracy." *Id.* ¶ 38. Commissioner Eason, Ms. Martin, and the superior court judges will be collectively referred to as the "Judicial Defendants."

The FAC also alleges certain Skagit County officials "maintained a policy of unqualified staffing." *Id.* ¶ 39. The officials named as defendants in this case are Skagit County Commissioners Lisa Janicki and Ronald Wesen, Skagit County Sheriff Donald McDermot, and Skagit County Auditor Sandra Perkins (the "Skagit County Officials").

Finally, the FAC also alleges misconduct as to the suspension of Mr. Fussell's driver's license and the litigation of this case. It alleges that Washington Department of Licensing Director Marcus Glasper suspended Mr. Fussell's driver's license "without pre-deprivation process, despite notice of defects." *Id.* ¶ 37. Moreover, it alleges Washington State Assistant Attorney General Eleanor Lyon prematurely appeared in this case and failed to produce her legal credentials to Mr. Fussell. *Id.* ¶ 39. Lastly, it alleges Washington State Attorney General Nick Brown failed "to bond under RCW 43.10.010 or notify surety of Lyon's appointment, rendering her filings nullities and masquerading violations." *Id.* Mr. Glasper, Ms. Lyon, Attorney General Brown, and the State of Washington are collectively referred to as the "Washington State Defendants."

Based on these allegations, the FAC asserts nine causes of action: (1) violation of 42 U.S.C. § 1983 - Fourteenth Amendment due process; (2) violation of 42 U.S.C. § 1983 - Fourth Amendment unreasonable seizure; (3) violation of 42 U.S.C. § 1983 - First Amendment right to petition; (4) violation of 42 U.S.C. § 1983 - Fourteenth Amendment equal protection; (5) conspiracy under 42 U.S.C. § 1983; (6) *Monell* liability; (7) negligence and malicious prosecution; (8) declaratory judgment; and (9) injunctive relief. *Id.* ¶¶ 41–58. Mr. Fussell seeks $1 million in compensatory damages and other relief. *Id.* at 15.

ORDER – 4

**C.**    **Procedural History**

**i.**    **Prior Cases in this District**

This is not the first case Mr. Fussell filed in this district. The Court is aware of at least eight prior cases filed by Mr. Fussell and other co-plaintiffs. *See Hart v. Skagit Cty. Comm'rs*, 23-cv-00309-JLR; *Hart v. Weyrich*, 23-cv-00311-MJP; *Hart v. Perkins*, 23-cv-00312-MJP; *Hart v. McDermott*, 23-cv-00503-MJP; *Hart v. Perkins*, 23-cv-00404-RSL; *Hart v. Janicki*, 23-cv-00832-MJP; *Hart v. Weyrich,* 23-cv-00884-MJP; *Hart v. Janicki*, 23-cv-01555-JHC.

In at least five of these cases, Mr. Fussell and co-plaintiffs alleged that various Skagit County officials failed to file their official bond or oath, and therefore lacked authority to act in their official capacity. *See Hart v. Skagit Cty. Comm'rs*, No. 23-cv-309, 2023 WL 3568148, at *1 (W.D. Wash. May 18, 2023) ("Plaintiffs allege that the Defendants, all of whom are Skagit County employees, failed to timely file or renew their official bond, which is required as part of their obligations for their respective roles in the County government.")[1]; *Hart v. McDermott*, No. 23-cv-503, 2023 WL 5638520, at * 1 (W.D. Wash. Aug. 31, 2023) ("[Plaintiffs] also allege that both McDermott and Weyrich violated the public bonding and oath of office requirements."); *Hart v. Weyrich*, No. 23-884, 2023 WL 5630767, at * 1 (W.D. Wash. Aug. 31, 2023) ("Pro se Plaintiffs allege that the Skagit County Prosecuting Attorney, Richard Weyrich, the Skagit County Sherriff, Donald McDermottt, and the Skagit County Auditor, Sandra Perkins, have violated state and federal law by not timely depositing public bonds."). Each of these cases were dismissed for lack of Article III standing and failure to state a claim. *See Skagit Cty. Comm'rs*, 2023 WL 3568148, at *1–2; *McDermott*, 2023 WL 5638520, at *2–4; *Weyrich*, 2023 WL 5630767, at *2–3. In *McDermott* and *Weyrich*, the court made explicit findings that the Skagit County defendants in those cases in fact had a satisfied their bond and oath

---

[1] *Skagit County Commissioners* was consolidated with two other cases: *Weyrich*, 23-cv-00311-MJP and *Perkins*, 23-cv-00312-MJP.

ORDER – 5

requirements. *See McDermott*, 2023 WL 5638520, at *4 ("the bonds and oaths were properly and timely obtained"); *Weyrich*, 2023 WL 5630767, at *3 (same).

In *Weyrich*, the court considered the defendants' request for a bar order but ultimately denied the request. The court agreed with the defendants that "Plaintiffs' legal theories have been shown to be meritless and border on frivolous." *Weyrich*, 2023 WL 5630767, at *3. The court concluded, however, that at the time of filing, the *pro se* plaintiffs "lacked clear notice that their claims and requests for relief lacked merit" and declined to find the lawsuit was brought in bad faith. *Id.* The court cautioned, however, that "Plaintiffs now have fair warning that their legal theories at issue in these actions and tactics they have employed—including to seek to disqualify defense counsel—all lack merit." *Id.* Accordingly, "[f]urther lawsuits which pursue claims and seek relief based on the theories the Court has rejected in this and related cases may lead to the imposition of sanctions, including, potentially, a bar order." *Id.*

### ii.    This Litigation

Mr. Fussell commenced this case on September 26, 2025. Dkt. # 1. Since the filing of this case, Mr. Fussell has filed three amended complaints, Dkts. # 21, 31, 37, numerous motions and objections purporting to challenge defense counsel's appearance in this case or their legal credentials, *e.g.*, Dkts. # 10, 13, 14, 15, 24, 29, an unsuccessful interlocutory appeal to the Ninth Circuit, Dkts. # 20, 34, and an unsuccessful petition for writ of mandamus in the Ninth Circuit, Dkts. # 22, 33.

On December 10, 2025, the Court issued an order denying Mr. Fussell's various outstanding motions and objections. Dkt. # 35. In the order, the Court directed Mr. Fussell to "refrain from filing any additional motions relating to defense counsel's legal credentials or their ability to practice before this Court or file documents in this case." *Id.* at 2. The order further stated that "[a]ny such motions will be stricken or denied." *Id.*

On December 19, 2025, the Skagit County Defendants filed the currently pending motion to dismiss, along with a declaration from counsel Frederick A. Haist. Dkts. # 39,

ORDER – 6

41. On December 29, 2025, Mr. Fussell filed an "objection" to Mr. Haist's declaration. Dkt. # 42. In the objection, Mr. Fussell again raised arguments that Mr. Haist's appearance in this case was "premature and void" and that Mr. Haist "lacks standing and authority, triggering default and sanctions." *Id.* at 5. On January 30, 2026, Mr. Fussell filed a surreply to the Skagit County Defendants' motion to dismiss without leave of the Court. Dkt. # 48. On April 1, 2026, Mr. Fussell filed a "Notice of Default of Defendant Frederick A. Haist for Failure to Produce Demanded Credentials and Verified Authority." Dkt. # 49.

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In analyzing a motion to dismiss, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "Conclusory allegations and unreasonable inferences, however, are insufficient to defeat a motion to dismiss." *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

## IV. DISCUSSION

### A. Objection to Haist Declaration and Motion for Default Judgment

The Court previously cautioned Mr. Fussell that "any additional motions relating to defense counsel's legal credentials or their ability to practice before this Court or file documents in this case . . . will be stricken or denied." Dkt. # 35 at 3. Mr. Fussell's pending objection to Mr. Haist's declaration, Dkt. # 42, and motion for default judgment, Dkt. # 49 raises these same issues. The objection and motion for default are therefore denied.

ORDER – 7

### B.    Motion to Dismiss

#### i.    Operative Complaint

Turning to the Skagit County Defendants' motion to dismiss, the Court must first identify the operative complaint in this case.  Under the Federal Rules of Civil Procedure, a "party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, Mr. Fussell filed the FAC as a matter of course on October 31, 2025.  Dkt. # 21.  He then filed two more amended complaints on November 10, 2025 and December 19, 2025 without leave of court.  Dkts. # 31, 37.  These complaints were improperly filed and will be disregarded.

In *pro se* cases, district courts in some cases "have liberally construed an amended complaint, that was filed without leave of court, as a motion for leave to amend the complaint." *White v. Relay Res.*, No. 19-284, 2019 WL 5623207, at *2 (W.D. Wash. Oct. 31, 2019).  Even if the Court were to adopt this approach, however, it would deny leave to amend because amendment is futile.  The second and third amended complaints appear to assert largely the same allegations and claims as the FAC.  *See* Dkts. # 31 and 37.  While the third amended complaint, in particular, appears to significantly reduce the number of named defendants, it nevertheless asserts largely the same allegations and causes of action, and suffers from the same deficiencies as discussed below.  Accordingly, the Court will treat the FAC as the operative complaint for its analysis.

#### ii.    *Heck* Doctrine

The Skagit County Defendants argue that the claims in this case are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  The Court agrees.

ORDER – 8

In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486–87 (emphasis in original). The Supreme Court further explained that in analyzing the *Heck* doctrine, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The *Heck* doctrine "applies to traffic infractions not resulting in incarceration." *Klug v. Clark County*, No. 19-cv-6031, 2021 WL 2071249, at *2 (W.D. Wash. May 24, 2021); *see also Middleton v. Santa Barbara Police Dep't*, No. 15-cv-9818, 2016 WL 6902098, at *5 (C.D. Cal. July 11, 2016), *report and recommendation adopted*, 2016 WL 6902462 (C.D. Cal. Nov. 22, 2016) ("*Heck* applies to a conviction for a traffic infraction."). Moreover, the "*Heck* doctrine applies to state law claims as well as federal claims." *Niewzal v. Simi Valley*, No. 14-cv-3651, 2015 WL 13917943, at *5 (C.D. Cal. Mar. 21, 2015). Similarly, the "*Heck* bar encompasses . . . claims for injunctive and declaratory relief . . . ." *Middleton*, 2016 WL 6902098, at *6.

Here, Mr. Fussell's claims are barred by the *Heck* doctrine because they "necessarily imply the invalidity" of his traffic infraction judgment. *See* Dkt. # 21 ¶¶ 41–58. They each attack some aspect of the traffic stop, court proceedings for the traffic infraction, or the resulting suspension of Mr. Fussell's license. *See id.* ¶¶ 41–42 (count one: "Defendants deprived Plaintiff of his protected property interest in his driver's license"); *id.* ¶¶ 43–44

ORDER – 9

(count two: "the unauthorized stop and license suspension constituted seizures"); *id.* ¶¶ 45–46 (count three: "void proceedings and spoliation"); *id.* ¶¶ 47–48 (count four: "enforced poverty-based suspensions discriminatorily"); *id.* ¶¶ 49–50 (count five: "agreed to enforce void orders"); *id.* ¶¶ 51–52 (count six: "systemic oath/bond non-compliance"); *id.* ¶¶ 53–54 (count seven: "proceedings were initiated without cause/malice"); *id.* ¶¶ 55–58 (counts eight and nine for declaratory judgment and injunctive relief). Under *Heck*, Mr. Fussell cannot proceed on these claims unless he shows the underlying traffic infraction judgment has been invalidated. He has not made such a showing. *See Middleton,* 2016 WL 6902098, at *5–6 (dismissing under *Heck* claims alleging "officer defendants did not have probable cause to stop [plaintiff] and issue the citation," "that they conspired to do so for racial motives," "that the traffic court did not have jurisdiction over him," and "the statutes under which he was stopped and convicted are invalid under California law." ).

Because the Court dismisses the FAC under *Heck*, it will not address every argument for dismissal raised by the Skagit County Defendants. Nevertheless, it will briefly address below some select arguments as alternative bases for dismissal. [2]

### iii.    Claims Against Prosecutor Defendants

Mr. Fussell's primary complaint against the Prosecutor Defendants is that Mr. Weyrich failed "to file his oath within 10 days of assuming duties" and his appointment of the remaining Prosecutor Defendants was void. Dkt. # 21 ¶ 34. For the reasons discussed in *McDermott* and *Weyrich*, these allegations are without merit. *See McDermott*, 2023 WL 5638520, at *4 (finding Mr. Weyrich's bond and oath were "properly and timely obtained"); *Weyrich*, 2023 WL 5630767, at *3 (same).

---

[2] The Washington State Defendants did not file a motion to dismiss. However, claims against them are also subject to dismissal under the *Heck* doctrine. In addition, the Court understands Mr. Fussell's third amended complaint, Dkt. # 37, which no longer names the Washington State Defendants as defendants in this case, as a concession that the claims against them are without merit.

ORDER – 10

In addition, prosecutors are "absolutely immune from liability in § 1983 lawsuits for prosecutorial actions that are intimately associated with the judicial phase of the criminal process." *Lomeli v. County of San Diego*, 637 F. Supp. 3d 1046, 1076 (S.D. Cal. 2022) (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009)) (internal quotation marks omitted). "Absolute immunity from damages applies even when prosecutors are alleged to have acted in bad faith or maliciously." *Id.* (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976)). Mr. Fussell's claims against the Prosecutor Defendants challenge prosecutorial actions they allegedly took in relation to his traffic infraction case. The claims against the Prosecutor Defendants are thus barred by absolute immunity.

### iv.    Claims Against Judicial Defendants

"It is well established that state judges are entitled to absolute immunity for their judicial acts." *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)). "This immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson*, 386 U.S. at 554. Similarly, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021) (quoting *Mullis v. U.S. Bankr. Court for Dist. Of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)). Here, Mr. Fussell's claims against the Judicial Defendants arise from their alleged actions in his traffic infraction case. The claims are therefore precluded by immunity.

### v.    Claims Against Skagit County Officials

Mr. Fussell alleges the Skagit County Officials "maintained a policy of unqualified staffing." Dkt. # 21 ¶ 39. He similarly alleges Defendant Skagit County is liable under *Monell* "for customs of unqualified officials and spoliation, including ratification of void orders by Commissioners Janicki and Wesen." *Id.* ¶ 11. Mr. Fussell provides no support that these allegations support actionable claims. The allegations also lack factual support and fail the plausibility requirement of Rule 12(b)(6).

ORDER – 11

### C.    Leave to Amend

Dismissal of Mr. Fussell's claims is without leave to amend.  The Court is dismissing Mr. Fussell's claims under the *Heck* doctrine, and "amendment would be futile absent invalidation" of the underlying traffic infraction judgment.  *See Middleton*, 2016 WL 6902098, at *6 (citing *Vandament v. Duncan*, 402 Fed. App'x 224, 224 (9th Cir. 2010)).  Dismissals under *Heck* are without prejudice.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

In addition, the Court's alternative bases for dismissal also cannot be cured by amendment.  Specifically, the Prosecutor Defendants and Judicial Defendants are immune from Mr. Fussell's claims, and Mr. Fussell has not articulated a viable cause of action against the Skagit County Officials.  Finally, Mr. Fussell has already filed three amended complaints in this case that do not cure the deficiencies identified in this order.  The Court, in its discretion, declines to permit any further amendment.

### D.    Request for Pre-Filing Order

In addition to dismissal of this case, the Skagit County Defendants seek a pre-filing order against Mr. Fussell.  Dkt. # 39 at 23–25.  The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with authority to enter pre-filing orders against vexatious litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  In the Ninth Circuit, a pre-filing order may be entered when (1) the litigant has received notice and a chance to be heard before the order is entered; (2) there is an adequate record for review; (3) the litigant's actions are frivolous or harassing; and (4) the pre-filing order is "narrowly tailored to closely fit the specific vice encountered." *Id.* at 1147–48.  Pre-filing orders are an extreme remedy and "should rarely be filed." *Id.* at 1147.

While the Court sympathizes with the defendants, it declines to issue a pre-filing order at this time.  As recounted above, Mr. Fussell, along with other co-plaintiffs, have filed at least eight prior cases in this district, and many of those cases involved at least some of the same Skagit County defendants as this case and made similar arguments

ORDER – 12

relating to failure to file bonds or oaths of office.  *See supra* Section II.C.i.  However, this case is the first filed by Mr. Fussell as an individual plaintiff, and it arises from a recent traffic infraction that was not addressed by any of the prior cases.  Although his claims are ultimately without merit, the Court does not find Mr. Fussell's filing of this action sufficiently crosses the line of being an abusive or vexatious litigant to warrant the extraordinary remedy of a pre-filing order.

With that said, the Court strongly cautions Mr. Fussell against advancing in any future litigation the same theory that various Skagit County officials lack authority to carry out their duties because they failed to file their bonds or oaths.  This is now at least the third time similar arguments have been rejected by a court in this district in a case brought by Mr. Fussell.  *See McDermott*, 2023 WL 5638520, at \*4; *Weyrich*, 2023 WL 5630767, at \*3; *supra* Section IV.B.iii.  In the same vein, it is inappropriate to demand legal credentials from attorneys who appear in a case and to file motions and objections seeking to disqualify the attorneys, strike their filings, or obtain default judgment against them merely because they did not respond to demands for their legal credentials.  This order should serve as additional notice to Mr. Fussell that further filings and lawsuits advancing the "bond and oath" theory, or engaging in harassing tactics against opposing counsel, will be grounds for sanctions, including a pre-filing order.

//
//
//
//
//
//
//
//

ORDER – 13

## V.    CONCLUSION

For the forgoing reasons, the Court **GRANTS** the Skagit County Defendants' motion to dismiss, Dkt. # 39, and **DISMISSES** this case without prejudice.  The court **DENIES** Plaintiff's objection, Dkt. # 42, and motion for default, Dkt. # 49.

The Clerk is directed to send a copy of this order to Plaintiff and close this case.

Dated this 17th day of April, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER – 14