HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DERRILL FUSSELL,

Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

Defendants.

CASE NO. 2:25-cv-01865-RAJ

ORDER

## I. INTRODUCTION

THIS MATTER comes before the Court on *pro se* Plaintiff Derrill Fussell's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) or, in the Alternative, Motion for Reconsideration Pursuant to Local Civil Rule 7(h), Dkt. No. 53 ("Motion"). The Court has reviewed the Motion, the submissions in support, and the balance of the record. For the reasons set forth below, the Court **DENIES** the Motion.

## II. BACKGROUND[1]

On April 17, 2026, the Court granted the Skagit County Defendants' motion to dismiss and dismissed this action without prejudice. Dkt. No. 51 ("Order"). In the Order,

[1] The factual and procedural history of this case is set forth in detail in the Court's April 17, 2026 order, Dkt. No. 51, and is therefore not repeated here.

the Court concluded that all claims in Mr. Fussell's First Amended Complaint ("FAC") are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at 8–10. In the alternative, the Court also concluded that Mr. Fussell's claims against the Prosecutor Defendants and the Judicial Defendants are barred by absolute immunity and that his claims against the Skagit County Officials and Skagit County fail to state a claim. *Id.* at 10–11. Accordingly, the Court entered judgment for Defendants on April 20, 2026. Dkt. No. 52.

On April 29, 2026, Mr. Fussell filed the Motion. Dkt. No. 53. The following day, he filed a related request for judicial notice, a declaration, and a notice of supplemental authority in support of the Motion. Dkt. Nos. 54, 55, 56.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment "no later than 28 days after the entry of the judgment." Relief under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources," which "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A Rule 59(e) motion "may not be used to raise arguments or present evidence … when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945.[2]

## IV. DISCUSSION

In the Motion, Mr. Fussell contends that the Court committed manifest error by (1) applying *Heck* to a non-custodial civil traffic infraction, (2) applying absolute immunity to the Prosecutor and Judicial Defendants without a function-by-function analysis, and

---

[2] Mr. Fussell moves in the alternative under Local Civil Rule 7(h), which likewise requires "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." W.D. Wash. Local Civ. R. 7(h)(1). The Motion fails under that standard for the same reasons herein.

(3) dismissing the *Monell* claim against Skagit County. Mot. at 5–10. He also asks the Court to clarify two aspects of the Order. *Id.* at 7, 10. For the reasons set forth below, none of these grounds warrants Rule 59(e) relief.

**A. The Motion Raises Arguments That Could Have Been Raised Before**

As a threshold matter, the Motion fails because each of its arguments could have been raised before judgment. The Skagit County Defendants moved to dismiss under *Heck*, on absolute immunity grounds, and for failure to state a *Monell* claim. Dkt. No. 39 at 8–12, 18–20. Mr. Fussell's opposition did not respond to the *Heck* argument and did not raise the arguments he advances now; instead, it was largely devoted to his renewed demands for defense counsel's credentials. *See* Dkt. No. 43 at 6–7. Mr. Fussell first addressed *Heck* and immunity in a surreply filed without leave, and his surreply likewise did not contend that *Heck* turns on the availability of habeas relief or that his *Monell* claim required separate analysis. *See* Dkt. No. 48 at 3–6. And the authorities on which the Motion relies were all decided years before the motion to dismiss was briefed.

Whether the Motion is viewed as raising new arguments that were available earlier or as a second attempt at arguments made in an unauthorized surreply, Mr. Fussell does not present a proper basis for Rule 59(e) relief. *See Carroll*, 342 F.3d at 945. The same is true of Mr. Fussell's declaration, which recites facts known to him throughout the litigation, and his notice of supplemental authority, which contains no decision issued after the close of briefing. Dkt. Nos. 55, 56. Accordingly, the Motion is denied.

**B. The Motion Does Not Identify Any Manifest Error**

Even if the Court were to consider Mr. Fussell's arguments on their merits, they do not establish manifest error.

**i. *Heck* Doctrine**

Mr. Fussell argues that *Heck*'s favorable-termination requirement is "rooted in the availability of habeas corpus relief" and therefore does not apply to his traffic infraction,

which is civil and non-custodial. Mot. at 2, 5–7. He fails to show that the Court committed manifest error for three reasons.

*First*, Mr. Fussell acknowledges that the question he raises "is unresolved in this Circuit." *Id.* at 7. And clear error requires that "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). A ruling on a question that the Ninth Circuit has not resolved does not meet that standard. *Cf. In re Van Dusen*, 654 F.3d 838, 845 (9th Cir. 2011) ("The absence of controlling precedent weighs strongly against a finding of clear error.").

*Second*, the authority Mr. Fussell relies upon—*Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2002)—has been described by the Ninth Circuit as a narrow exception that "'affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters,' not challenges to an underlying conviction …." *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (quoting *Nonnette*, 316 F.3d at 878 n.7). Moreover, the Ninth Circuit *has* applied *Heck* to a plaintiff convicted of an infraction who had no practical access to habeas relief but did not pursue a direct appeal. *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1190–92 & n.12 (9th Cir. 2015). Here, there is likewise no indication in the record that Mr. Fussell appealed the infraction judgment against him.

*Third*, the Order cited other decisions applying *Heck* to non-custodial traffic infractions, including a decision from this district. Order at 9. While Mr. Fussell is correct that those decisions are not binding, Mot. at 6, he identifies no controlling authority to the contrary.

In addition, *Heck* was not the sole basis for dismissal. The Court dismissed Mr. Fussell's claims against the Skagit County Defendants on independent alternative grounds, which the Motion does not undermine for the reasons below.

**ii. Absolute Immunity**

Next, Mr. Fussell argues that the Court erred in applying prosecutorial and judicial immunity without a "function-by-function analysis," which, he contends, would have separated the defendants' protected conduct from unprotected "investigatory" or "administrative" conduct. Mot. at 2, 7–9. But the Court did conduct a functional analysis. It concluded that the claims against the Prosecutor Defendants "challenge prosecutorial actions they allegedly took in relation to his traffic infraction case," and that the claims against the Judicial Defendants "arise from their alleged actions in his traffic infraction case." Order at 11. In other words, absolute immunity applies because every act alleged against these defendants served either to prosecute Mr. Fussell's infraction or to adjudicate it.

Nor does Mr. Fussell identify any allegation in the FAC that describes such investigatory or administrative conduct. The Motion refers only generally to "administrative practices and procedures concerning the conduct of the underlying proceedings," and it acknowledges that "several of the alleged acts may … ultimately fall within the heartland of absolute immunity." Mot. at 8–9. The FAC, for its part, alleges only that the Prosecutor Defendants prosecuted the infraction, that Commissioner Eason issued orders in the infraction case, that the court clerk failed to docket Mr. Fussell's filings, and that the superior court judges failed to vacate those orders. *See* Dkt. No. 21 ¶¶ 13, 15, 20–25, 35–36, 38. Each of these acts falls within the functions the Court identified. The remaining allegations against these defendants concern oaths and bonds, a theory the Court rejected on the merits and that Mr. Fussell states he does not advance here. Order at 10, 12–13; Mot. at 3. Because the Motion identifies no alleged conduct falling outside these immunities, Mr. Fussell has failed to show that the Court's ruling was manifest error.

**iii. *Monell* Claim**

Mr. Fussell argues that his *Monell* claim against Skagit County cannot be dismissed "on the strength of the individual immunities." Mot. at 9. But the Court did not dismiss it

on that basis; the Court dismissed the *Monell* claim because it "lack[ed] factual support and fail[ed] the plausibility requirement of Rule 12(b)(6)." Order at 11. The Motion does not address that conclusion and therefore presents no reason to disturb the Order.

**C. Requests for Clarification**

Mr. Fussell also makes two requests for clarification in the Motion. His first request is that "[i]f the Court adheres to its *Heck* ruling … the Order and Judgment be modified to make explicit that the dismissal is without prejudice." Mot. at 7. The Order states that this case was dismissed "without prejudice." Order at 14. No further clarification is needed.

Mr. Fussell's second request is for the Court to clarify "whether the Order and Judgment are intended to dismiss the claims against the Washington State Defendants sua sponte, and, if so, whether Plaintiff received the notice and opportunity to be heard required before sua sponte dismissal." Mot. at 10. The Order dismissed this action in its entirety, including the claims against the Washington State Defendants, which primarily arise from the same infraction judgment and resulting license suspension. Order at 10 n.2, 14. A court may "dismiss an action as to [non-moving] defendants … where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008) (rejecting plaintiff's argument that a district court erred because "the court did not give notice of its intention to dismiss and did not permit [him] an opportunity to respond in opposition thereto"). Moreover, Mr. Fussell had notice of the *Heck* argument through the Skagit County Defendants' motion and an opportunity to respond to it. No amendment to the Order is required.

//

//

//

//

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Fussell's Motion to Alter or Amend Judgment, Dkt. No. 53. Mr. Fussell's related Request for Judicial Notice, Dkt. No. 54, is **DENIED AS MOOT**.

Dated this 18th day of November, 2026.

The Honorable Richard A. Jones
United States District Judge